UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER DEGROOT, | ) |
| | ) |
| Plaintiff, | ) Case No. _____ |
| | ) |
| v. | ) |
| | ) **CLASS ACTION COMPLAINT** |
| NEBRASKA BOOK COMPANY, INC.; | ) |
| NEBRASKA BOOK HOLDINGS, INC. | ) |
| | ) |
| | ) **JURY DEMANDED** |
| Defendants. | ) |
| | ) |

Christopher DeGroot (the "Plaintiff"), on behalf of himself and a putative class of similarly situated former employees as defined herein, brings this suit against Defendants Nebraska Book Company, Inc., and Nebraska Book Holdings, Inc., by way of this Class Action Complaint against Defendants, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Defendant Nebraska Book Company, Inc. ("NBC") and Defendant Nebraska Book Holdings, Inc. ("NBH"), his employers for WARN Act purposes.

2. On or about March 1, 2023, NBC and NBH made a mass layoff by, unilaterally and without proper notice to employees or staff, terminating approximately 242 employees at their Lincoln, Nebraska facility, located at 4700 S 19th Street, Lincoln, NE, 68512.

1

3. NBC and NBH failed to provide 60 days advance written notice to employees or staff as required by the WARN Act, 29 U.S.C. § 2101 *et seq.,* to the affected employees.

4. On February 27, 2023, NBC and NBH informed the affected employees that, as of March 1, 2023, their services would no longer be required and that they were not required nor allowed to report for work.

5. NBC and NBH's reduction in forces constituted a mass layoff or plant closing, which became effective on March 1, 2023. As such, Plaintiff and other similarly situated employees, should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

8. Plaintiff Christopher DeGroot is a citizen of the United States and resident of Lancaster County, Nebraska. Plaintiff DeGroot was employed by NBC at all relevant times. Plaintiff is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

9. Defendant NBC is a Delaware corporation with its principal place of business at 4700 S 19th Street, Lincoln, NE 68512. Defendant NBC may be served via its registered agent, Cogency Global Inc., 5601 S 59th Street, Suite C, Lincoln, NE 68516.

10. Defendant NBH is a Delaware Corporation with its principal place of business at 4700 S 19th Street, Lincoln, NE 68512. NBC is a wholly owned subsidiary of NBH. Defendant

NBH may be served by its registered agent, Cogency Global, Inc., 850 New Burton Road Suite 201, Dover, DE 19904.

11. NBC and NBH are the responsible entities for the operation of the facility located at 4700 S 19th Street, Lincoln, NE 68512, and one or all of such entities employed the affected employees of NBC and the entities liable for the actions alleged in this complaint.

## FACTS

12. NBC is a Nebraska-based business that provides wholesale textbook distribution, retail technology, and consulting services to other bookstores. NBC is a wholly owned subsidiary of NBH.

13. On or about February 27, 2023, NBC informed, by e-mail, all employees at its Lincoln, NE location, including Plaintiff, that it was abolishing positions and terminating their employment effective March 1, 2023, and that terminated employees would perform no additional compensated services.

14. Two days later, on March 1, 2023, NBC filed an announcement, signed by CEO, Gary Shapiro, with the Nebraska Department of Labor, advising that 242 employees of NBC located at the Lincoln, NE facility would be separated, with a wave of layoffs occurring on March 1 and occur weekly through April as the business winds down.

15. NBC did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq*. even though it planned to abolish, terminate, and/or layoff over one-hundred full-time employees employed there.

16. Upon information and belief, no circumstances existed that would have permitted NBC from reducing the notification period as provided in 29 U.S.C. § 2102(b).

3

17. By failing to provide their affected employees who were temporarily or permanently terminated on or around March 1, 2023, with WARN Act Notices and other benefits, Defendants have acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the statute.

## RULE 23 CLASS ACTION ALLEGATIONS

18. Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of NBC and NBH at the Lincoln, NE facility whose were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 30 days of March 1, 2023.

19. Class Action treatment of WARN Act claims are appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of their mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiff is a member of the class, and their claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

    d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

20. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

21. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

22. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.
## COUNT I
## (WARN Act)

23. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

24. NBC is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

25. Plaintiff and those he seeks to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

26. The March 1, 2023, permanent layoffs of at least 242 employees at the Lincoln, NE facility resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees.

27. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Lincoln, NE facility constitutes a single site of employment in that the Lincoln, NE facility was the location to which relevant employees were assigned as their home base, the place from which their work was assigned, and the place to which they reported for work.

28. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

29. On information and belief, prior to February 27, 2023, Defendants did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendants give any *prior* written notice to the Nebraska Department of Labor, or to the chief elected official of the local government within which the mass layoff was ordered. Rather, Defendants waited until the day of the mass layoffs to do so.

30. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about March 1, 2023.

31. As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

32. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

33. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and her counsel of record as Class Counsel.

2. A declaration that Defendants have violated the WARN Act;

3. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendants had no reasonable grounds for believing that their mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

This the 29 day of March 2023.

                          Respectfully submitted,

By: **FRIEDMAN LAW OFFICES, PC, LLO**
Attorneys for Plaintiff
3800 Normal Blvd., Suite 200
PO Box 82009
Lincoln, NE 68501
(402) 476-1093
dfriedman@friedmanlaw.com

*/s/Daniel H. Friedman*
Daniel H. Friedman #22293

J. Gerard Stranch, IV*
Michael C. Iadevaia*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Samuel J. Strauss*
Raina C. Borrelli*
**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

Lynn A. Toops*
Amina A. Thomas*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com
* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*

9