IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER DEGROOT, and STEVEN SHOWALTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEBRASKA BOOK COMPANY, INC.; NEBRASKA BOOK HOLDINGS, INC.; CONCISE CAPITAL MANAGEMENT, LP; AB LENDING SPVI I, LLC d/b/a MOUNTAIN RIDGE CAPITAL,<br><br>Defendants. | CASE NO. 4:23-cv-3041-JMG-MDN<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, CONCISE CAPITAL MANAGEMENT, LP TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** |

Concise Capital Management, LP ("Concise Capital"), by its undersigned counsel, submits its Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint ("FAC") against Defendants, as follows:

## NATURE OF THE ACTION

1.  The allegations contained in Paragraph 1 of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 1 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

2.  Concise Capital denies the allegations contained in Paragraph 2 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

3.  Concise Capital denies the allegations contained in Paragraph 3 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

4. Concise Capital denies the allegations contained in Paragraph 4 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

5. Concise Capital denies the allegations contained in Paragraph 5 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

6. Concise Capital denies the allegations contained in Paragraph 6 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

7. The allegations contained in Paragraph 7 of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 7 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

8. Concise Capital denies the allegations contained in Paragraph 8 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

## JURISDICTION AND VENUE

9. Concise Capital admits the allegations in Paragraph 9 of the FAC.

10. Concise Capital admits the allegations in Paragraph 10 of the FAC.

11. Concise Capital admits the allegations in Paragraph 11 of the FAC.

## PARTIES

12. Concise Capital admits that Plaintiff DeGroot is an individual, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining allegations in Paragraph 12 of the FAC and, therefore, denies them. The allegations contained in the last sentence of Paragraph 12 of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the

allegations contained in Paragraph 12 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

13. Concise Capital admits that Plaintiff Showalter is an individual, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining allegations in Paragraph 13 of the FAC and, therefore, denies them. The allegations contained in the last sentence of Paragraph 13 of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the remaining allegations contained in Paragraph 13 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

14. Concise Capital admits that NBC is a Delaware corporation with its principal place of business at 4700 S 19th Street, Lincoln, NE 68512 but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining allegations in Paragraph 14 of the FAC and, therefore, denies them.

15. Concise Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the FAC and, therefore, denies them.

16. Concise Capital admits that it is a Florida limited liability company, with its principal place of business at 1111 Brickell Avenue, Suite 1525, Miami, FL 33131. Concise Capital further admits that it may be served by its registered agent, Thomas P Krasner, at its principal place of business. Concise Capital denies the remaining allegations in Paragraph 16 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

17. Concise Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the FAC and, therefore, denies them.

18. Concise Capital denies the allegations contained in Paragraph 18 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

## FACTS

19. Concise Capital denies the allegations contained in Paragraph 19 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

20. Concise Capital admits that it owns 100% equity in NBC. Concise Capital denies the remaining allegations in Paragraph 20 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

21. Concise Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the FAC and, therefore, denies them.

22. The allegations contained in Paragraph 22 of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 22 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

23. Concise Capital denies the allegations contained in Paragraph 23 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

24. Concise Capital denies the allegations contained in Paragraph 24 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

25. Concise Capital denies the allegations contained in Paragraph 25 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

26. Concise Capital denies the allegations contained in Paragraph 26 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

27. The allegations contained in Paragraph 27 of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 27 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

28. The allegations contained in Paragraph 28 of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 28 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

29. The allegations contained in Paragraph 29 of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 29 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

30. Concise Capital denies the allegations contained in Paragraph 30 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

31. Concise Capital denies the allegations contained in Paragraph 31 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

32. Concise Capital denies the allegations contained in Paragraph 32 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

33. Concise Capital denies the allegations contained in Paragraph 33 of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

## RULE 23 CLASS ACTION ALLEGATIONS

34.     The allegations contained in Paragraph 32 [*sic*][1] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 32 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

35.     The allegations contained in Paragraph 33 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 33 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

36.     The allegations contained in Paragraph 34 [*sic*], including subsections (a)-(d), of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 34 [*sic*], including subsections (a)-(d), of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

37.     The allegations contained in Paragraph 35 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 35 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

38.     The allegations contained in Paragraph 36 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise

---

[1] After Paragraph 33, the FAC numbering repeats and reverts to a second Paragraph 32, causing the subsequent paragraphs to be numbered incorrectly. Therefore, although the paragraph numbers in this Answer and Affirmative Defenses does not correspond to the paragraph numbers in the FAC, Concise Capital is copying the numbering from the FAC to preserve the fidelity of its responses.

Capital denies the allegations contained in Paragraph 36 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

39. The allegations contained in Paragraph 37 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 37 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

## COUNT I

40. Concise Capital incorporates and repeats its responses to Paragraphs 1 through 38 [*sic*] of the FAC.

41. Concise Capital denies the allegations contained in Paragraph 39 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

42. The allegations contained in Paragraph 40 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 40 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

43. The allegations contained in Paragraph 41 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 41 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

44. The allegations contained in Paragraph 42 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 42 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

45. The allegations contained in Paragraph 43 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 43 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

46. Concise Capital denies the allegations contained in Paragraph 44 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

47. The allegations contained in Paragraph 45 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 45 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

48. The allegations contained in Paragraph 46 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 46 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

49. The allegations contained in Paragraph 47 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 47 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

50. The allegations contained in Paragraph 48 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 48 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

## COUNT II

51. Concise Capital incorporates and repeats its responses to Paragraphs 1 through 49 [*sic*] of the FAC.

52. The allegations contained in Paragraph 50 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 50 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

53. The allegations contained in Paragraph 51 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 51 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

54. The allegations contained in Paragraph 52 [*sic*] of the FAC call for a legal conclusion to which no response is required. To the extent that a response is required, Concise Capital denies the allegations contained in Paragraph 52 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

55. Concise Capital denies the allegations contained in Paragraph 53 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

56. Concise Capital denies the allegations contained in Paragraph 54 [*sic*] of the FAC, including any implication that Concise Capital was Plaintiffs' employer.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the FAC or that Concise Capital bears the burden of proof on any of the following defenses, and without waiving any non-affirmative defenses that are not stated herein, Concise Capital states, as separate and independent affirmative defenses, the following:

1. Concise Capital denies that it was Plaintiffs' employer, but if a trier of fact determines that Concise Capital bears responsibility in part or whole, Concise Capital relies on all defenses and affirmative defenses asserted by Defendants, Nebraska Book Company, Inc. and/or Nebraska Book Holdings, Inc. (collectively, "NBC").

2. The FAC fails to state a cause of action upon which relief can be granted against Concise Capital.

3. Plaintiffs' claims are barred by the statute of limitations.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, collateral estoppel, res judicata, unclean hands and/or other related equitable doctrines.

5. The former "affected employees of NBC" are not entitled to treatment as a class.

6. Concise Capital asserts that it was never Plaintiffs' "employer" within the meaning of either the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101–2109, or the Nebraska Wage Payment & Collection Act, Neb. Rev. Stat. § 48-1228 *et seq*.

7. Plaintiffs are barred from recovery because they have failed to mitigate their damages, and the damages Plaintiffs seek, for themselves and on behalf of their proposed class, would be disproportionate to the harm alleged or allegedly suffered by Plaintiffs or any members of the proposed class, and would therefore be excessive.

8. Plaintiffs failed to exhaust their remedies against their employer.

9. Concise Capital denies that it was Plaintiffs' employer, but if a trier of fact determines that Concise Capital bears responsibility in part or whole, Plaintiffs' putative class claim is subject to dismissal, in whole or in part, to the extent it is barred by release.

10. Concise Capital denies that it was Plaintiffs' employer, but if a trier of fact determines that Concise Capital bears responsibility in part or whole, Plaintiffs' putative class claim is subject to dismissal, in whole or in part, to the extent it is barred by judicial estoppel.

11. Concise Capital denies that it was Plaintiffs' employer, but if a trier of fact determines that Concise Capital bears responsibility in part or whole, Concise Capital complied with the WARN Act and the faltering company exception and/or unforeseen business circumstance exception applied.

12. Concise Capital denies that it was Plaintiffs' employer, but if a trier of fact determines that Concise Capital bears responsibility in part or whole, Concise Capital complied with the WARN Act, and if there was any violation thereunder, it would not have been intentional or willful and would have been made in good faith with Concise Capital having reasonable grounds for believing that it did not violate the WARN Act.

WHEREFORE, Concise Capital requests that the Court dismiss the FAC with prejudice at plaintiffs costs and award Concise Capital its reasonable attorney fees in defending this action and other relief the Court considers appropriate.

Dated this 19th day of June, 2024.

CONCISE CAPITAL MANAGEMENT, LP,
Defendant

By: */s/ Christopher R. Hedican*
    Christopher R. Hedican (NE# 19744)
    Jeremy C. Hollembeak (NE# 26964)
Of   BAIRD HOLM LLP
    1700 Farnam St, Ste 1500
    Omaha, NE 68102-2068
    Phone: 402-344-0500
    chedican@bairdholm.com
    jhollembeak@bairdholm.com

## CERTIFICATE OF SERVICE

  I hereby certify that on June 19, 2024, I filed the above and foregoing using the CM/ECF online filing system, which sent notification to all attorneys of record.

                  */s/ Christopher R. Hedican*