IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER DEGROOT and STEVEN SHOWALTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NEBRASKA BOOK COMPANY, INC., et al.,<br><br>Defendants. | 4:23-CV-3041<br><br>MEMORANDUM AND ORDER |

The plaintiffs, Christopher DeGroot and Steven Showalter, represent themselves and all other former employees of a now-liquidated company. They brought this class action alleging their employment was terminated in contravention of the federal Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*., and the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228 *et seq*. The Court granted summary judgment in favor of one of the defendants, AB Lending SPV I, LLC, doing business as Mountain Ridge Capital ("Mountain Ridge"). Mountain Ridge now moves for attorney's fees pursuant to § 2104(a)(6). Filing 213.

Additionally, the plaintiffs seek this Court's review of the taxation of costs. Filing 234. Pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), the Clerk of the Court taxed costs against the plaintiffs in favor of Mountain Ridge in the amount of $10,736.75. Filing 233 at 3. The plaintiffs ask the Court to decline awarding all the requested costs in the interest of equity.

The facts of this case are detailed in the Court's summary judgment order, filing 211. Briefly summarized, Mountain Ridge and defendant Concise

Capital Management ("Concise") were secured lenders of defendant Nebraska Book Company, Inc., the parent company of defendant Nebraska Book Holdings, Inc. (collectively, "Nebraska Book"). Nebraska Book employed the plaintiffs and, after years of financial hardship, ultimately liquidated and terminated its employees with only a few days' notice and without paying the employees' accrued paid time off. At the time Nebraska Book liquidated, Concise fully owned (and allegedly fully controlled) the company, and Mountain Ridge exercised significant control over the company's assets, including all of Nebraska Book's cash receipts and operating funds. *See* filing 211 at 5.

The defendants each moved for summary judgment. The Court denied the motions as to Nebraska Book and Concise Capital, but dismissed all of the plaintiffs' claims against Mountain Ridge. The Court determined the plaintiffs' evidence was insufficient to prove, and a reasonable juror could not find, that Mountain Ridge was an "employer" for purposes of the WARN Act or the Nebraska Wage Payment and Collection Act. *See* filing 211.

*Attorney's Fees*

The WARN Act permits a court, in its discretion, to allow the prevailing party a reasonable attorney's fee as part of the costs. § 2104(a)(6). This fee-shifting language in the WARN Act mirrors other civil rights statutes, and is generally interpreted the same way. *See Solberg v. Inline Corp.*, 740 F. Supp. 680, 687 (D. Minn. 1990); *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir. 2004); *cf. United Auto. Aerospace & Agric. Implement Workers of Am., Loc. 1077 v. Shadyside Stamping Corp.*, 947 F.2d 946 (6th Cir. 1991). *Compare* § 2104(a)(6), *with* 42 U.S.C. § 1988(b), *and* § 2000e-5(k). So, as is true with other fee-shifting civil rights statutes, an attorney's fee award to a prevailing

defendant is limited to circumstances where a plaintiff's claims are frivolous, unreasonable, or without foundation. *See Childress*, 357 F.3d at 1011 (citing *Christiansburg Garment Co. v. EEOC.*, 434 U.S. 412, 421 (1978) ("a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith")).

A claim dismissed at the summary judgment stage is not necessarily frivolous or groundless. *E.g., Williams v. City of Carl Junction, Mo.*, 523 F.3d 841, 843 (8th Cir. 2008). So long as plaintiffs have "some basis" for their claims, a prevailing defendant may not recover attorneys' fees. *Id.* (quoting *Obin v. Dist. No. 9 of the Int'l Ass'n of Machinists*, 651 F.2d 574, 581 (8th Cir. 1981)). Even if evidence adduced is not sufficient to survive summary judgment, attorney's fees are inappropriate if it is "nonetheless the type of evidence that could give rise to an inference" in the plaintiffs' favor. *See id.* at 844.

The Court denied Mountain Ridge's motion to dismiss based on the plaintiffs' allegation "that Mountain Ridge had authority to bind Nebraska Book in financial matters and was making business decisions for Nebraska Book." Filing 93 at 11. The plaintiffs discovered evidence to support that allegation (*see* filing 175-2 at 159-60), and further discovered evidence that Mountain Ridge made the ultimate decision not to fund the laid-off employees' accrued paid time off (filing 175-2 at 46; filing 175-10 at 193).

The evidence the plaintiffs acquired through discovery was the type of evidence that could give rise to an inference in their favor. While ultimately the Court ruled the plaintiffs' evidence was insufficient to show the degree of control necessary to incur WARN Act liability, filing 211 at 22, the Court is not persuaded that the plaintiffs' evidence was so lacking that the plaintiffs should

have voluntarily dismissed Mountain Ridge as a party at the close of discovery. *See Williams*, 523 F.3d at 844; *EEOC v. Hibbing Taconite Co.*, 740 F. Supp. 2d 1052, 1055-56 (D. Minn. 2010); *United States ex rel. Donegan v. Anesthesia Assocs. of Kan. City, PC*, No. 4:12-CV-0876, 2015 WL 12839127, at *1 (W.D. Mo. July 23, 2015). The plaintiffs' claims against Mountain Ridge were neither frivolous, unreasonable, nor without foundation; Mountain Ridge's motion for attorneys' fees will therefore be denied.

*Costs*

The prevailing party is presumptively entitled to recover all costs. *E.g.*, *Thompson v. Kanabec Cnty.*, 958 F.3d 698, 709 (8th Cir. 2020). The losing party bears the burden of overcoming that presumption. *Id.* (citing *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005)). A district court has substantial discretion in awarding costs under Rule 54(d), *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 93 F.4th 408, 422 (8th Cir. 2024), but it must articulate specific reasons if it declines to award them, *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

The Eighth Circuit has recognized that the losing party's indigency or the limited value of the prevailing party's victory may justify denying costs. *Karsjens v. Gandhi*, 164 F.4th 662, 665 (8th Cir. 2026) (citing *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982)), *petition for cert. docketed*, No. 25-1321 (May 28, 2026) (indigency); *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992) (costs not taxed because they were disproportionate to $1 nominal award); *accord Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Other circuits have considered misconduct or bad faith by the prevailing party. *See Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 540

(5th Cir. 1990); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 463 (3d Cir. 2000).

The plaintiffs argue that the Court should not tax costs in favor of Mountain Ridge because this case involved issues of substantial public importance, there is a great economic disparity between the parties, the issues in this case were close and difficult, and the plaintiffs' claims against Mountain Ridge, while unsuccessful, were meritorious. Filing 234 at 2 (citing *Assoc. of Mex.-Am. Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc)).

The plaintiffs do not claim indigency; they merely argue that "[a]warding more than $11,000 in costs against two individuals in favor of a sophisticated commercial lender" would be unfair. Filing 234 at 3. The plaintiffs have put on no evidence that they are indigent, and the plaintiffs did not proceed *in forma pauperis* in this lawsuit. *Cf. Karsjens*, 164 F.4th at 665-66. The disparity between the parties is not a basis to deny costs. *See* 10 Wright & Miller's Federal Practice & Procedure § 2668 (4th ed. 2026).

The plaintiffs' other arguments go to the general "unfairness" of taxing costs against them, based on the nature of their lawsuit and the purported strength of their claims. But unlike an award of attorneys' fees, neither of those factors provide a basis for denying costs. *See Karsjens*, 164 F.4th at 666; *Poe*, 695 F.2d at 1108 (*Christiansburg* standard does not apply to cost awards). And general ideations about fairness are insufficient to rebut the presumption for an award of costs. *See Thompson*, 472 F.3d at 517.

The plaintiffs have not met their burden of rebutting the presumption of awarding costs; the justifications provided do not indicate a degree of injustice or inequality such that the plaintiffs should avoid a "normal incident of defeat." *Poe*, 695 F.2d at 1108 (quoting *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). The plaintiffs have not identified any specific costs that are

excessive or that should be reduced. The motion to review the Clerk's taxation will be denied in full.

IT IS ORDERED:

1. Mountain Ridge's motion for attorney fees (filing 213) is denied.

2. The plaintiffs' motion to review clerk's taxation regarding costs taxed (filing 234) is denied.

Dated this 23rd day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge