IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER DEGROOT and STEVEN SHOWALTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NEBRASKA BOOK COMPANY, INC., et al.,<br><br>Defendants. | 4:23-CV-3041<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (filing 240), asking the Court for an order pursuant to Fed. R. Civ. P. 23(b) and (e) that preliminarily approves a settlement, appoints a class administrator, and approves forms and a program for class notice.[1] The Court will grant the motion. The proposed form and manner of notice satisfies Rule 23(e)(1)(B) and the Court, having reviewed the proposed settlement, filing 242-1, finds it likely that the proposal can be approved under Rule 23(e)(2).

IT IS ORDERED:

1. The plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (filing 240) is granted.

---

[1] The Court previously certified two classes in this case and appointed class representatives and class counsel. *See* filing 139.

2. The agreements, terms, and conditions of the proposed settlement, filing 242-1, are preliminarily approved pending a fairness hearing.

3. Persons who previously opted out of the certified classes are not class members and will not be bound by the settlement or final judgment. A renewed opportunity to request exclusion is not warranted under Rule 23(e)(4).

4. The Court appoints CPT Group to serve as the third-party settlement administrator. The settlement administrator shall supervise and administer the notice procedures, assist with distributing cash payments according to the processes and criteria set forth in the settlement agreement, and perform any other duties that are reasonably necessary or provided for in the settlement agreement.

5. On or before November 4, 2026, class counsel will provide the settlement administrator with the reasonably available names as well as last known mailing and email addresses of the settlement class members for purposes of distributing the class notice.

6. The settlement administrator shall provide notice consistent with the notice plan contained in the settlement agreement. Notice shall be disseminated to class members beginning on or before November 18, 2026.

7. On or before December 18, 2026, the settlement administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in this Order.

8. Class members who wish to object to the settlement must object in writing and clearly identify:

    (a) the case name and number of the action;
    (b) the full name, address, telephone number, and email address of the objecting class member and, if represented by counsel, of their counsel;
    (c) a statement of whether the objection applies only to the objector, a specific subset of the class, or the entire class;
    (d) a statement of the specific grounds for the objection, including any legal and factual support for the objector's standing and the objection and any evidence in support of the objector's standing and the objection;
    (e) a statement of whether the objecting class member intends to appear at the fairness hearing, and if so, whether personally or through counsel; and
    (f) the objector's signature.

    Objections must be submitted to the settlement administrator on or before January 4, 2027.

9. The settlement administrator shall furnish the parties' counsel with copies of any and all objections, notices of intention to appear, and other communications from class members that come into its possession within three business days of receipt.

10. On or before January 11, 2026, class counsel shall furnish the Court with a complete record of all timely filed objections and notices of intention to appear, attesting to the accuracy of such record with the Court.

11. A fairness hearing shall be held on Wednesday, February 17, 2027, at 10:00 a.m. before the undersigned in Courtroom 3, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, Nebraska. The time and date of the fairness hearing will be included in each notice of settlement. The purpose of the fairness hearing will be to:

(a) determine whether the proposed settlement is fair, reasonable, and adequate, and should be finally approved;
(b) determine whether an order and judgment should be entered dismissing the claims of the class members and bringing the litigation of those claims to a conclusion; and
(c) consider other settlement-related matters, including appropriate attorney's fees.

The Court may adjourn, continue, and reconvene the fairness hearing by oral announcement without further notice to the class members except those who have filed timely and valid objections and requested to speak at the fairness hearing, and the Court may consider and grant final approval of the proposed settlement, with or without minor modification, and without further notice to class members.

12. Any class member who timely submits an objection has the option to appear and request to be heard at the fairness hearing, either in person or through the objector's counsel. Any objector wishing to appear and be heard at the fairness hearing must include a notice of intention to appear in the body of their objection. Objectors who fail to submit or include such timely notice of intention to appear may not be granted the opportunity to speak at the fairness hearing without permission of the Court.

13. On or before December 21, 2026, class counsel shall file with the Court all papers in support of the application for the Attorneys' Fees and Costs Award and Case Contribution Awards. All opposition papers shall be filed on or before January 4, 2026, and any reply papers shall be filed on or before January 19, 2026.

14. On or before January 19, 2026, the parties shall file all papers in support of the application for the Final Approval Order and Final Judgment.

15. The parties' counsel are authorized to use all reasonable procedures in connection with the administration of the settlement that are not materially inconsistent with either this order or the settlement agreement.

16. The settlement agreement, this order, and the settlement itself, including any act performed or document executed or filed pursuant to or in furtherance of the settlement agreement or the settlement, shall not be, and may not be deemed to be or used as, an admission of, or evidence of, the validity or lack thereof of any

released claim, or of any wrongdoing, fault, or liability of the defendants.

17. Nothing in this Order shall be construed to abridge, limit, or otherwise affect any party's rights under Section 12 of the settlement agreement, including but not limited to the parties' right to terminate the settlement agreement pursuant to § 12.1 of the settlement agreement if the Court declines to approve or modifies the settlement. In the event of any termination of the settlement agreement pursuant to Section 11, then § 12.4 of the settlement agreement shall govern, the action shall revert to its status as of July 14, 2026, and all releases shall be null and void.

18. On or before November 2, 2026, the defendants shall serve all notices required by the Class Action Fairness Act, 28 U.S.C. 1715(d), and shall promptly file a declaration with the Court certifying that such notices were served.

Dated this 20th day of October, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge